UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KNUTSON,<br><br>        Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>        Defendants. | No. 2:17-cv-01998 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF Nos. 2, 7.

**I.    Application to Proceed In Forma Pauperis**

The court has reviewed plaintiff's application and trust fund account statement and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Nevertheless, because the undersigned recommends dismissal of the complaint without leave to amend, the application will be denied as moot.

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.     Screening Order**

Plaintiff has sued the Federal Bureau of Investigation, the Justice Department, and the State of California.  None of these parties is a valid defendant in a section 1983 action.  See, e.g., Stonecipher v. Bray, 653 F.2d 398, 401 (9th Cir. 1981) (federal agency cannot be sued under § 1983 because its agents perform no acts under color of state law); Alabama v. Pugh, 438 U.S. 781, 782  (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").  Plaintiff's complaint makes no meaningful reference to any of these defendants, however.[1]  Instead, the complaint consists of disjointed allegations which fall far short of Iqbal's plausibility standard.

First, plaintiff alleges that he acquired two sets of "identifying particulars" in 1970 which form part of a "fraudulent plan and conspiracy to define Important Contacts for the next 47 plus years." ECF No. 1 at 7.  Plaintiff states that "[t]his particular issue as it exists in terms of a representative capacity would turn on plaintiff walking away from a Mexican female in the face of an amendment to California Code of Civil Procedures . . . in 1971." Id. at 7-8.  He contends that "these factors occurred to further the nature of liens and charges that benefit Jews and Bankers as a concept of labor and circumstances when rebuilding San Francisco following the 1906 earthquake." Id. at 8.  Finally, he states that "[a]s a debt owed to the scope of the rulemaking powers, the Alameda County Judicial Branch of Government would target the plaintiff as an exit strategy to the Vietnam conflict." Id.

Second, plaintiff makes reference to a contract that "exists as a test of interests initially valid in Nevada Gaming and the Liquor Industry." Id.  He appears to allege that defendants breached this contract, relying on "the privity and requirements necessary in targeting the minors

---

[1] It is unclear whether venue is proper in this district.  Nevertheless, venue is not jurisdictional. Libby, McNeill & Libby v. City Nat'l Bank, 592 F.2d 504, 510 (9th Cir. 1978).

actions in 1964 at Bank of America in San Leandro, California." Id. Plaintiff goes on to state that the administration of former president George H.W. Bush furthered a "plan and conspiracy" against him in violation of the Fourteenth Amendment. Id. at 9.

Third, plaintiff makes several unexplained references to the "Russian Scandal with the Trump Family," "the complex situation in Syria," and former president George W. Bush's declaration of war in 2003. It is unclear if these references form part of a separate claim (or claims) or if they merely pertain to his first two claims in some way.

Plaintiff's complaint should be dismissed. None of his allegations state a cognizable §1983 claim and, factually, they can only be categorized as fanciful. The Supreme Court has held that a complaint is frivolous if it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where the factual contentions contained therein are clearly baseless, id. at 327, and the court finds it appropriate to do so in the instant case.

The only question that remains is whether that dismissal should be with or without leave to amend. The Ninth Circuit has held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks and citations omitted). The disjointed, fanciful nature of plaintiff's allegations convinces the court that his complaint cannot be cured by amendment. There is simply no version of these facts which can be shaped into a valid claim.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED as moot.
2. Plaintiff has not consented to magistrate judge jurisdiction. Accordingly, the clerk of court shall appoint a district judge to rule on the recommendations contained herein.

////

Further, IT IS HEREBY RECOMMENDED that plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: October 4, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE